# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KALOTI WHOLESALE INC.,**
        **Plaintiff,**

    v.                                                    Case No. 09-C-1156

**UNITED STATES OF AMERICA,**
**et al.,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Kaloti Wholesale, Inc., d/b/a Kaloti Enterprises ("Kaloti"), a distributor of grocery products, brings this action against the United States, several federal agencies and unknown federal agents seeking damages for the destruction of some 81,000 cans of infant formula that agents seized from its warehouse. Plaintiff brings the action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, among other provisions, and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Pursuant to Fed. R. Civ. P. 12(b)(6), defendants now move to dismiss the complaint.

Plaintiff alleges that in February 2007 pursuant to search warrants, federal agents seized the infant formula in question and refused to return it. The formula has since spoiled and lost its value.

In order to survive defendants' motion, plaintiff must allege enough facts to render its claim plausible. Tully v. Barada, 599 F.3d 591, 593 (7th Cir. 2010). In considering the motion, I take all of plaintiff's allegations as true and draw all reasonable inferences in plaintiff's favor. Reger Dev. LLC v. Nat'l City Bank, 592 F.3d 759, 763 (7th Cir. 2010).

I note first that plaintiff appears to assert FTCA claims against all defendants. However, the only proper FTCA defendant is the United States. 28 U.S.C. § 2679(b)(1); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008). I note also that plaintiff appears to assert federal constitutional claims against all defendants. The FTCA does not provide a cause of action for federal constitutional claims. 28 U.S.C. § 2679(b)(2)(A); FDIC v. Meyer, 510 U.S. 471, 477-78 (1994). Further, Bivens authorizes such claims only against individual agents. Id. at 484-86; Okoro v. Callahan, 324 F.3d 488, 490 (7th Cir. 2003). Therefore, all of plaintiff's FTCA claims will be dismissed except its first claim (the only non-federal constitutional claim) against the United States, and all of its Bivens claims will be dismissed except against the unknown agents.

As to plaintiff's Bivens claims, defendants state in a footnote that plaintiff has not identified or served the agents (which is unsurprising if they are unknown), but defendants do not advise me what, if any, consequences they believe follow from this fact. Nor do defendants address the merits of the claims. Therefore, the claims will survive defendants' motion.

Defendants focus their argument on plaintiff's FTCA claim against the United States, arguing that it is barred by sovereign immunity. Absent a waiver, sovereign immunity shields the government from suit. Meyer, 510 U.S. at 475. Sovereign immunity is jurisdictional in nature. Id. Section 1346(b) of Title 28 grants district courts jurisdiction over damage claims against the United States for injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the

place where the act or omission occurred." The statute's reference to the "law of the place" means the law of the state where the relevant act occurred. Meyer, 510 U.S. at 478. State law is the source of substantive liability under the FTCA. Id. Plaintiff's first claim against the United States suffers from plaintiff's failure to identify the claim's Wisconsin law source. Nevertheless, taking the allegations in plaintiff's favor, plaintiff appears to state a claim for wrongful conversion. See, e.g., Bruner v. Heritage Companies, 225 Wis. 2d 728, 736 (Ct. App. 1999) (stating elements of tortious conversion).

However, the FTCA also contains exceptions to the waiver of sovereign immunity. In 28 U.S.C. § 2680(c), Congress created an exception for claims arising from the "detention of any goods, merchandise, or other property by a . . . law enforcement officer." Under the "detention of goods" exception, the United States cannot be sued for damage to goods detained by an officer. However, in 2000 Congress enacted the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2680(c)(1)-(4), in which it re-waived the United States' sovereign immunity with respect to suits claiming damage to detained goods if the plaintiff could show that "(1) the property was seized for the purpose of forfeiture . . . ; (2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and (4) the claimant was not convicted of a crime . . . ." Congress created this so-called exception to the exception "in response to the overly enthusiastic pursuit of civil and criminal forfeiture." Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008). Therefore, an FTCA plaintiff does not fall out of the FTCA because of the "detention of goods" exception if it can satisfy the above conditions.

In Foster v. United States, 522 F.3d 1071, 1075 (9th Cir. 2008), the Ninth Circuit held that CAFRA's re-waiver of sovereign immunity applies only when the goods at issue are seized solely for the purpose of forfeiture and not if the government also has another purpose in mind such as investigating a possible crime. Defendants argue that under Foster, plaintiff's claim fails because plaintiff cannot show that the government seized its property solely for the purpose of forfeiture. However, the Seventh Circuit has not definitively stated that it agrees with Foster's narrow reading of CAFRA. See Pearson v. United States, 373 Fed. Appx. 622, 624 (7th Cir. 2010) (discussing the question but resolving the case on the ground that the plaintiff was convicted of a crime).

In the present case, I cannot say that plaintiff fails to plausibly allege that its claim is not within the CAFRA exception to the detention of goods exception. Plaintiff alleges facts from which it could be plausibly inferred that the government seized the infant formula for the purpose of forfeiture. Although the government disputes this and contends that it also had other purposes in mind, I must treat all of plaintiff's allegations as true. Plaintiff also alleges facts sufficient to satisfy the other CAFRA requirements. It alleges that its interest has not yet been forfeited inasmuch as the forfeiture action initiated by the government has not concluded. Plaintiff further alleges that it has continued to request return of the formula thus indicating that its interest is not remitted or mitigated. Finally, plaintiff appears not to have been convicted of a crime relating to the seizure of the formula.

**THEREFORE**, as to plaintiff's FTCA claim against the United States and its <u>Bivens</u> claims against the unknown agents, defendants' motion is **DENIED**, as to all other claims it is **GRANTED**.

Dated at Milwaukee, Wisconsin this 3rd day of November 2010.

/s_____
LYNN ADELMAN
District Judge